UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES OF AMERICA,**

v.     4:10-cr-108

**SHEDRICK SPAULDING,**

**Defendant.**

## ORDER

Before the Court is Defendant Shedrick Spaulding's motion to compel the United State's Attorney's Office to file a Federal Rule of Criminal Procedure 35(b) motion, ECF No. 138, and motion for relief of judgment pursuant to Federal Rule of Civil Procedure 60(b)(5). ECF No. 142. For the reasons set forth below, both motions, ECF Nos. 138, 142, are *DENIED*.

On May 10, 2010, Defendant was indicted for various federal narcotics violations. ECF No. 1. On September 2, 2010, Defendant pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF No. 36. The Government dismissed the remaining counts of the indictment. The Court sentenced Defendant to 159 months imprisonment. ECF No. 42.

Defendant now moves this Court to compel the Government to file a Federal Rule of Criminal Procedure 35(b) motion for sentence reduction. ECF No. 138. Rule 35(b) provides that "[u]pon the government's motion . . . the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." The Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992).

The plea agreement states that "[*i*]*f* the defendant renders substantial assistance after sentencing, then the government agrees to file a Rule 35(b) sentence reduction motion." ECF No. 43 at 4 (emphasis added). That agreement further states that "[t]he determination of whether the defendant has provided 'substantial assistance,' . . . is a matter committed to the **sole discretion** of the United States Attorney." *Id.* Defendant argues that the Government should be required to file a Rule 35 motion because "due in large part to [his] assistance," his co-defendant (Marion Maurice Fields) "has been apprehended, convicted and sentenced to 170 months." ECF No. 138 at 2. But the Government "characterizes the value of defendant's cooperation [concerning Fields] as MINIMAL." ECF No. 38 at 2.

The Court cannot review the Government's refusal to file a Rule 35 motion unless the defendant alleges and makes a substantial showing that the refusal is based on a constitutionally impermissible motivation. *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). The Court agrees with the government that Defendant has made no such allegation here, much less a substantial showing thereof. Therefore, Defendant's motion to compel, ECF No. 138, is *DENIED*.

Defendant also moves the Court for relief of judgment pursuant to Federal Rule of Civil Procedure 60(b)(5). ECF No. 142. The Court has already denied Defendant's prior motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 137. Defendant now

seeks to use Rule 60(b)(5) to asks the Court to reconsider his previous § 3582(c)(2) motion. But Rule 60(b) "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *see also United States v. Whisby*, 323 Fed. Appx. 781, 782 (11th Cir. 2009) (holding that district court "lack[s] jurisdiction" to consider Rule 60(b) motion in a criminal case); *United States v. Zuluaga*, 192 Fed. Appx. 944, 945 (11th Cir. 2006) (holding that Rule 60(b) "cannot be used to challenge a sentence"). The Court also notes that Defendant's current sentence of 159 months imprisonment still falls within the reduced guidelines range that Defendant seeks. Therefore, Defendant's motion for relief of judgment, ECF No. 142, is also **DENIED**.

This 27 day of March, 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA