# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SHEDRICK SPAULDING, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV412-317 |
| UNITED STATES OF AMERICA, | ) ) | CR410-108 |
| Respondent. | ) ) | |

## **REPORT AND RECOMMENDATION**

Shedrick Spaulding moves for 28 U.S.C. § 2255 relief. Doc. 145.[1] Some background: Spaulding pled guilty to one count of a four-count drug crime indictment: "Count Three - 21 U.S.C. § 841(a)(1) - Distribution of Cocaine." Doc. 43 at 1; *see also* doc. 42 (Judgment). His plea agreement waives his direct and collateral appeal rights. In relevant part it says:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum;

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 43 at 8.

Despite this agreement, and despite the fact that Spalding does not meet either exception to that double-waiver, he appealed. After his attorney filed an *Anders* brief, the Eleventh Circuit summarily dismissed his appeal. Doc. 128. Spaulding then filed the instant motion, doc. 145, which the government moves to dismiss. Doc. 149. Because of his failure to respond, the motion is deemed unopposed under Local Rule 7.5.

Spaulding claims that appellate counsel was constitutionally ineffective for not being present during a post-sentencing interview regarding his upcoming testimony for the government. Doc. 145 at 4; doc. 146 at 3, 5-8. And the government, he insists, breached its plea agreement with him: (1) by conducting a post-sentencing interview without the presence of appellate counsel and deceptively gathering crucial information from Spaulding for use against his co-defendant (this deprived him of the opportunity to testify and derive the benefit of the Fed. R. Crim. P 35 sentence reduction motion that he expected); and (2)

2

for failing to file a Rule 35 sentence reduction based on that purported information. Finally, he faults his counsel for failing to object to the plea agreement breach. Doc. 145 at 5-7; doc. 146 at 6-10.

It is undisputed that Spaulding's sentence does not exceed the statutory maximum or fall outside the advisory sentencing guideline range as found by the sentencing court. And he does not dispute the government's showing, supported by the record, that he understood the rights he was waiving. Doc. 149 at 5-7 (government's showing, including transcript quotes). Indeed, he does not challenge the validity of his plea at all.

That sets him up for waiver of his claims here. *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005). *Williams* enforced a double waiver to deny a § 2255 movant's claim against his lawyer for ineffective assistance during the sentencing phase of his case. *Id.* at 1341-42. Its reasoning and result fit here. The same must be said for *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) (a waiver of the right to pursue an appeal or collateral attack "includes a waiver of the right to appeal [or collaterally attack] blatant error"), *applied in Marshall v. United States*, 2013 WL 772855 at * 2 (S.D. Ga. Feb. 28, 2013);

*Cummings v. United States*, 2013 WL 2422889 at * 5 (S.D. Ga. June 3, 2013) (enforcing exact same double-waiver agreement); and *Sinkfield v. United States*, 2013 WL 2659925 at * 4 (S.D. Ga. June 10, 2013) (same). Spaulding's § 2255 motion must therefore be **DENIED**.

Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 26th day of June, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA